IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UL LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>7111495 CANADA INC., d/b/a ARIZER, a Canadian Corporation, GREENLANE HOLDINGS, INC., a Delaware Company, GREENLANE HOLDINGS, LLC, a Delaware Limited Liability Company, WAREHOUSE GOODS LLC, a Delaware Limited Liability Company, and VAPE WORLD DISTRIBUTORS, a Canadian company.<br><br>    Defendants. | Civil Action No. 1:20-cv-05308<br><br>Honorable Robert M. Dow, Jr.<br><br>JURY TRIAL DEMANDED |

**GREENLANE HOLDINGS, INC., GREENLANE HOLDINGS, LLC, AND WAREHOUSE GOODS LLC'S MOTION FOR A STAY OF DISCOVERY**

    Defendants Greenlane Holdings, Inc., Greenlane Holdings, LLC, and Warehouse Goods LLC (collectively "Greenlane")[1] respectfully move to stay discovery until the Court has ruled on Defendants' fully submitted Motion to Dismiss Plaintiff UL LLC's Complaint or, alternatively, to Strike Certain Allegations (the "Pending Motion"). (*See* Dkts. 15-16, 28.) In support of its motion, Greenlane states as follows:[2]

---

[1] A fourth defendant, "Vape World Distributors," was improperly named, and the entity that UL LLC apparently meant to sue was not served within the ninety-day deadline provided for in FRCP 4(m). Thus, "Vape World Distributors" is not part of the Pending Motion nor this motion.

[2] Pursuant to Local Civil Rule 37.2, Defendants have certified their good-faith efforts to resolve this discovery dispute without the Court's intervention. (*See infra* at 10.)

## BACKGROUND

This is the second of two lawsuits that UL LLC ("UL") has brought against Greenlane that concern Greenlane's downstream distribution of products bearing UL's trademarks. UL resolved the first lawsuit, Case No. 1:19-cv-02724 (SLE) (N.D. Ill.) (the "First Action"), through settlements with the primary defendants (wholesalers) that released Greenlane with respect to the claims asserted in that action (the "Settled Claims") and ended the case. (*See e.g.*, Dkt. 16 ("Moving Brief") at 4-5 (citing the record).)) That fact is undisputed—indeed UL has admitted it repeatedly. (*See id.*; *see also* Dkt. 28 ("Reply Brief") at 2-3.) Yet, ignoring those settlements, UL has sued Greenlane in this second action for its alleged distribution of *any* product bearing UL's trademark, *including* the products that were the focus of the first lawsuit and the settlements. (*See e.g.*, Moving Brief at 6 (citing Dkt. 1 ("Compl.") ¶¶ 43-44, 54, 61-62, and 66-74).)

The Pending Motion shows that UL cannot now relitigate the claims it already settled and, if this lawsuit is to proceed, must instead limit its claims to conduct that is *not* encompassed by the prior settlement agreements. Allowing UL to proceed on its original, improper complaint would open the door to double-recovery by UL and greatly increase the burden and inefficiencies of this lawsuit due to the need to take discovery on and try facts already resolved in the first litigation. (*See e.g.*, Reply Brief at 6-7.)

UL is now attempting to commence discovery that will increase those burdens and inefficiencies needlessly. The Pending Motion was fully submitted in December 2020. Over the course of the past seven months, UL has taken no action in this case. Indeed, UL has been completely silent since December 11, 2020. Out of the blue, UL served written discovery demands on Greenlane on July 12, 2021. UL's discovery demands are sweeping in scope and present the same problems as UL's pleadings. In particular, UL seeks, *inter alia*, "Any and all documents

referring or relating to UL" and "All communications . . . between you and your customers, retailers and/or distributors regarding the Accused Products." (Ex. A at 7-8; *see also e.g.*, Ex. B at 7 ("Identify each of the Accused Products that you sold . . . .").)[3] UL defines "Accused Products" as "any product made, sold, offered for sale, or imported by Greenlane . . . that bears a UL trademark, service mark, or certification mark" and therefore sweeps in the products at issue in the First Action, which bore UL's marks. (Ex. A at 3; Ex. B at 3.) Such demands perpetuate UL's efforts to have this lawsuit, and to have UL's potential liability, encompass matters already settled.[4]

This motion seeks to preserve the status quo by seeking a formal stay of discovery until the Court has decided the Pending Motion. That decision will necessarily define what is and what is not at issue in this lawsuit, however the Court rules. Until the Court has ruled, however, it is impractical and inefficient for the parties to engage in discovery because they cannot agree on whether topics pertaining to the prior-settled lawsuit remain in play (*e.g.*, the issues of Greenlane's sales and subsequent recall efforts that were raised and resolved in the first proceeding). And UL cannot possibly point to any prejudice from awaiting the Court's ruling—it has not, for example, alleged ongoing infringement by Greenlane, and until two weeks ago, it apparently did not perceive any need to start discovery while the Pending Motion remained outstanding. Throughout the parties' meet-and-confer efforts in advance of Greenlane bringing this motion, UL failed to articulate any need for discovery prior to the Court's ruling on the Pending Motion.

---

[3] References to "Ex. __" are to those exhibits annexed to the Declaration of Dyan Finguerra-DuCharme dated July 30, 2021.

[4] Indeed, by defining "Accused Product" to include *any* product bearing a UL mark, UL is treating as within its scope of "accusations" not just the products at issue in the Settled Claims but also products bearing a properly licensed UL mark. (*See* Compl. ¶¶ 22, 37 (admitting UL licenses its mark to be used on "billions" of products, including the types of vaping-related goods that Greenlane distributes).) This is an obvious improper fishing expedition.

3

## **LEGAL STANDARD**

This Court wields extremely broad discretion in controlling discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Pursuant to FRCP 26(c) and (d), the Court "may limit the scope of discovery or control its sequence." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citations omitted).

Courts in this circuit have allowed stays pending a Rule 12(b)(6) challenge. *Id.* Stays have been "deemed appropriate where the motion to dismiss can resolve the case - at least as to the moving party . . ." *Id.* at 337 (citations omitted); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); *see also Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (granting Defendants' motion to stay discovery where "the motions to dismiss currently before the Court are not frivolous and are potentially dispositive. In the event the Court were to grant the motions, in whole or in part, the case could be over or significantly reduced"). When the discovery requested is unlikely to produce facts necessary to defeat the motion, a stay of discovery is proper. *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (collecting cases stating stay of discovery proper where information sought in plaintiff's discovery request was irrelevant to resolving a pending motion to dismiss).

In determining whether to grant a stay of discovery, judges in this district consider the following three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prod., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

4

**ARGUMENT**

A stay is warranted until the Court has ruled on the Pending Motion, as each of the three factors applied by the courts favors staying discovery here, *i.e.*, (1) avoidance of prejudice and tactical disadvantage, (2) simplification of issues and streamlining for trial, and (3) reduction of burden. *Tap Pharm. Prod., Inc.*, 2004 WL 422697, at *1.

**I.     THE STAY WILL NOT PREJUDICE OR DISADVANTAGE UL**

UL will not suffer any prejudice or disadvantage from waiting to take discovery until the Pending Motion is decided. This is demonstrated by UL's dilatory approach to discovery in this action to date. Specifically, UL waited more than half a year after the Pending Motion was fully submitted to attempt to serve any discovery, and it still has not arranged the Rule 26(f) conference. (*See infra* at 10.) *See also* FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."); *Robinson v. Cook Cty. Sheriff's Dep't*, No. 14 C 9064, 2015 WL 2375390, at *4 (N.D. Ill. May 14, 2015) (stating "[Defendant] correctly notes that [Plaintiff's] discovery request is premature, because no Rule 26(f) conference has been held). Nor has UL sought to serve any discovery on the non-Greenlane defendant, 7111495 Canada Inc. (Arizer). (*See infra* at 10.)

UL will not be prejudiced for the simple reason that ***it has not sought any discovery for the past seven months***. UL has effectively stayed discovery, on its own initiative. UL cannot now complain that it will somehow suffer prejudice by continuing the informal stay while the parties await the Court's decision on the Pending Motion.

Moreover, UL has never pointed to any external circumstances indicating a need to commence discovery before the Pending Motion is decided. It has not alleged that there is any ongoing purported infringement of its marks, for example. (*See* Reply Brief at 7-8.) UL's lawsuit

5

is instead focused on events that transpired from 2017 to 2019. (Compl. ¶¶ 53-71.) UL seemingly decided to commence its discovery efforts two weeks ago without any explanation or justification. But mere "delay" of discovery does not constitute prejudice, especially under the circumstances where the Plaintiff has not sought any discovery for seven months on its own accord. *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2015 WL 13650951, at *2 (N.D. Ill. May 5, 2015) ("Delay, in and of itself, does not constitute undue prejudice"); *Ignite USA, LLC v. Pacific Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014) (the fact that staying the case due to a parallel administrative proceeding "will cause some degree of delay, in and of itself, is not dispositive of whether a party will suffer undue prejudice"); *Cf. In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. at 339 ("Speculation is not enough; the plaintiffs must demonstrate 'actual and substantial prejudice resulting from the denial of discovery.'" (quoting *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 647 (7th Cir. 2001)).

## II. THE STAY WILL SIMPLIFY THE ISSUES

The stay Greenlane seeks will also simplify the issues in this case. The Pending Motion asks the Court to determine the proper scope of this action. UL has not limited its claims to matters outside of what was already litigated and settled in the First Action but has instead improperly sought to relitigate the Settled Claims and obtain a double recovery. If the Court grants the Pending Motion, the complaint UL filed will be dismissed or significantly narrowed. Thus, "[a]ny ruling in the Defendants' favor on any of the various counts against them—in whole or in part—could greatly affect the course and scope of discovery taken." *Sadler,* 2013 WL 12333447, at *1 (staying discovery where "the motions to dismiss currently before the Court are not frivolous and are potentially dispositive").[5]

---

[5] Even a denial of the Pending Motion will be instructive as to the scope of this lawsuit. UL has asked Greenlane to consent to UL's use of Greenlane's entire, 30,000-document production in the First Action as

### III. THE STAY WILL REDUCE THE BURDEN ON THE PARTIES AND THE COURT

Allowing discovery to proceed prior to a ruling on the Pending Motion will increase the burden on the parties and the Court significantly. As noted, UL has sought discovery as to *every* product Greenlane has distributed that bears a UL mark, including the products at issue in the Settled Claims and products bearing properly licensed UL marks that are not at issue in either case. (*Supra* at 2-3.) The parties quite clearly disagree as to the proper scope of this lawsuit. That disagreement will be resolved, at least in large part, by the Court's ruling on the Pending Motion. But if discovery commences prior to that ruling, the parties' existing and fully briefed disagreement over the proper scope of this lawsuit is likely to manifest itself in discovery-related disputes and discovery-related motions. The stay would preempt such discovery fights.

Discovery in this action is also likely to be burdensome and expensive for Greenlane. Greenlane produced over 30,000 documents in the First Action, which concerned products from just two wholesalers. (*See* Reply Brief at 7.) The parties should know whether and in what form UL's complaint will survive before undertaking such expenses. *See Clovis Shantez Liggins v. Lieutenant Reicks,* No. 3:19-CV-50303, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021 (granting stay where "the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted"); *Sadler*, 2013 WL 12333447, at *1 (stating it is appropriate to grant a stay to "reduce the burden on the parties until the Court rules on the motions to dismiss . . . "); *DSM Desotech Inc. v. 3D Sys. Corp.,* No. 08-CV-1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where . . . discovery may be especially burdensome and costly to the parties.").

---

supposed "evidence" in this lawsuit. (*See* Reply Brief at 7.) The propriety of that request by UL turns in part on whether it will be permitted to relitigate the settled claims from the First Action here, which is the question presented by the Pending Motion. Although, Greenlane intends to object to such a request even if the Court denies the Pending Motion.

In the course of the parties' meet-and-confer efforts, UL raised the possibility of limiting discovery to products other than those at issue in the First Action until the Pending Motion is decided. (*Infra* at 10.) Although somewhat mitigating, that approach would still risk needless and substantial expense for Greenlane. Among other things, if the Court grants the Pending Motion and dismisses UL's complaint, it is not clear UL would seek to file an amended pleading; if not, any discovery expenses incurred to that point would have been wasted. Alternatively, if the Court denies the Pending Motion after Greenlane has already undertaken the narrower temporary discovery that UL suggested, Greenlane would likely incur substantial additional expenses by, for example, having to conduct an additional collection of records, review for a second time the same documents already reviewed for responsiveness to a narrower set of demands, and renegotiate its electronically stored information (ESI) protocol. Those additional expenditures too can be avoided simply by holding off on conducting discovery until the Pending Motion is decided.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court stay discovery until Greenlane's Pending Motion has been decided.

Dated: July 30, 2021                        Respectfully Submitted,

By: */s/ Dyan Finguerra-DuCharme*
Dyan Finguerra-DuCharme (pro hac vice)
Joshua Weigensberg (pro hac vice)
Mallory Chandler (pro hac vice)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 798-6369
dfinguerra-ducharme@pryorcashman.com
jweigensberg@pryorcashman.com
mchandler@pryorcashman.com

8

        Suyash Agrawal
        MASSEY & GAIL LLP
        50 E Washington Street, Suite 400
        Chicago, Illinois 60602
        Telephone: (312) 379-0949
        sagrawal@masseygail.com

*Attorneys for Defendants Greenlane Holdings, Inc., Greenlane Holdings, LLC and Warehouse Goods LLC*

## **LOCAL CIVIL RULE 37.2 CERTIFICATION**

The undersigned counsel certifies that Defendants' counsel have in good faith met and conferred with Plaintiff's counsel and have been unable to agree to a compromise regarding discovery. In support of this certification, the undersigned states as follows:

1. On July 12, 2021, Plaintiff's counsel emailed to Greenlane's counsel Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories. Upon information and belief, Plaintiff has not sought to serve any discovery demands upon defendant 7111495 Canada Inc. d/b/a Arizer ("Arizer").

2. On July 14, 2021, Defendants' counsel responded, objecting to Plaintiff's discovery as improper and premature and noting that there has not been a Rule 26(f) conference in this action. In that correspondence, Defendants' counsel asked whether Plaintiff would consent to a motion to stay discovery pending the Court's determination of Greenlane's fully submitted motion to dismiss or strike UL's complaint.

3. On July 20, 2021, Plaintiff's counsel, Macy Skulman, Esq., Greenlane's counsel, Mallory Chandler, Esq. and Suyash Agrawal, Esq., and counsel for Arizer, Vijay Toke, Esq., held a meet-and-confer via telephone to discuss Plaintiff's discovery. Plaintiff's counsel indicated that Plaintiff would not agree to stay discovery in full. Plaintiff's counsel indicated that Plaintiff would agree only to certain limitations on discovery during the pendency of Greenlane's motion to dismiss or strike. By email sent after the call, Greenlane's counsel stated that they would seek a stay of discovery in full rather than undertaking partial discovery during the pendency of Greenlane's motion. By email sent on July 28, 2021, UL's counsel again stated its view that some discovery "should move forward no matter the outcome of Greenlane's motion to dismiss."

                                                       */s/ Mallory Chandler*
                                                          Mallory Chandler

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2021, I caused a copy of the foregoing **Motion For A Stay of Discovery** to be served on all counsel of record by electronic means through the Court's Electronic Case Filing System.

                                                                                     */s/ Mallory Chandler*
                                                                                        Mallory Chandler